PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the uncontested referee’s report pursuant to rules 3-7.-5(k)(2) and 3-7.6(c)(6) of the Rules Regulating The Florida Bar.
In case No. 70,829, the referee found that respondent, Herbert R. Swofford, had arranged, prepared documents for, and advised the lender with regard to two loan transactions that were later determined to be usurious. The referee recommended that respondent be found guilty of violating Disciplinary Rule 1-102(A)(6) of the former Florida Bar Code of Professional Responsibility, by engaging in conduct that reflected adversely on his fitness to practice law.
In case No. 71,144, the referee found that in March, 1978, respondent undertook to provide representation to the personal representative and sole beneficiary of an estate. Because the administration of the estate was not timely resolved, in February, 1980, the court terminated the proceedings without prejudice and revoked the letters of administration. In June, 1981, the beneficiary, by means of a deed in which the grantor was described as the “sole surviving heir at law and sole beneficiary of the estate” of the deceased, conveyed the major asset of the estate, a parcel of real property consisting of a home, to the respondent. The estate inventory showed the home as having an estimated value of $18,620. The referee found that respondent purchased the home for $10,000 plus $157.61 per month until the property was sold by respondent, which occurred in February, 1982. At the time he purchased the property from his client, he already had a contract to sell it for $24,000. When respondent sold the property in February, 1982, the purchase price was $26,500. The referee found that respondent made an unconscionable profit on the sale of the house. The referee recommended that respondent be found guilty of violating Disciplinary Rules 1-102(A)(6) (conduct adversely reflecting on fitness to practice law) and 5-104(A), by entering into a business transaction with a client when he and the client had differing interests therein.
The referee recommends that respondent be disbarred. We approve the referee’s report. Accordingly, the respondent, Herbert R. Swofford, is hereby disbarred, effective thirty days from the date of this judgment.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Herbert R. Swofford for costs in the amount of $1,396.75, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.